UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cr-40026-SLD |
| | ) |
| PHIL LAMONT TRENT, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Phil Lamont Trent's pro se motion for compassionate release, ECF No. 86, and counseled Motion for Compassionate Release (Supplemental to Pro Se – Filed on or About Sept 11, 2020) ("Supplemental Motion for Compassionate Release"), ECF No. 92. For the reasons that follow, the motions are DENIED.

**BACKGROUND**

On November 3, 2016, Defendant was sentenced to 300 months of imprisonment for conspiring to distribute and possess with intent to distribute heroin resulting in death and distributing heroin resulting in death.[1] *See* Judgment 1–3, ECF No. 57. Defendant is currently serving his sentence at Federal Correctional Institution ("FCI") Gilmer in Glenville, West Virginia, and is scheduled to be released June 11, 2036.[2] *See* Find an inmate, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for Phil Trent) (last visited Jan. 8, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an

---

[1] Specifically, Defendant was sentenced to 300 months of imprisonment for Heroin Distribution Resulting in Death and Conspiracy to Distribute and Possess with Intent to Distribute Heroin Resulting in Death, Counts 1sss and 5sss, respectively, and to 240 months for Heroin Distribution, Counts 2sss, 3sss, and 4sss, with all sentences to be served concurrently. *See* Judgment 1–3, ECF No. 57.

[2] Records reflect at the time of his motion and counseled supplemental motion, Defendant was incarcerated at United States Penitentiary Lewisburg in Lewisburg, Pennsylvania. *See* Mot. Compassionate Release 4; Supp. Mot. Compassionate Release 4. It is unknown when Defendant transferred to FCI Gilmer.

order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed Criminal Justice Act counsel to represent Defendant with respect to this motion. *See* Sept. 17, 2020 Text Order. A supplemental motion was filed by counsel on November 18, 2020. The United States opposes Defendant's request for compassionate release. Resp., ECF No. 93.

## DISCUSSION

### I.    Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### II.    Analysis

Defendant argues that he has exhausted his administrative remedies, Supp. Mot. Compassionate Release 14; that he has established an extraordinary and compelling reason for a

sentence reduction based on prison living conditions[3] and his diagnoses of diabetes, hypertension, hyperlipidemia, and obesity which increase his risk for severe illness from COVID-19, Mot. Compassionate Release 5–9;[4] Supp. Mot. Compassionate Release 2–12; and that the § 3553(a) factors weigh in favor of him receiving a compassionate release, Mot. Compassionate Release 9–11; Supp. Mot. Compassionate Release 13–14.  The United States does not contest that Defendant has exhausted his administrative remedies and concedes that "[D]efendant has at least one medical condition, diabetes, that meets the standard of an extraordinary and compelling consideration in favor of release."  *See* Resp. 1.  However, the United States contends "[D]efendant's argument for release fails upon consideration of the § 3553(a) factors."  *Id.*

Because the parties agree on both the exhaustion and extraordinary and compelling reason requirements, the Court need not address them in detail.  It suffices to say that Defendant submitted an administrative request for compassionate release on July 13, 2020, which was received by the Warden on July 23, 2020.  *See* Req. Administrative Remedy, ECF No. 86 at 12–13.  The Warden responded denying Defendant's request on July 27, 2020, Administrative Remedy Resp., ECF No. 86 at 16, and thirty days have since passed, so the exhaustion requirement is met.  *See* 18 U.S.C. § 3582(c)(1)(A).

As for extraordinary and compelling reasons, the Seventh Circuit recently held that there is no applicable policy statement with which a sentence reduction must be consistent.  *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).  In any case, the Court agrees with the parties that a defendant establishes an extraordinary and compelling reason for release if he

---

[3] Records reflect Defendant is no longer incarcerated at the institution referenced in his prison living conditions argument.  *See supra* footnote 2.

[4] The Court uses the page numbers generated by CM/ECF for clarity.

suffers from an underlying condition that puts him at risk for serious illness or death should he contract COVID-19, *see, e.g.*, *United States v. Zarate*, 2:14-cr-20065 (C.D. Ill. Sept. 18, 2020), and further notes that this is consistent with the Sentencing Commission's "working definition" of extraordinary and compelling reasons, *Gunn*, 980 F.3d at 1180; *see* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii) (providing that extraordinary and compelling reasons for release exist if a defendant suffers from a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"). And here, Defendant undisputedly suffers from at least one condition that the Centers for Disease Control and Prevention ("CDC") recognize as increasing his risk for severe illness from COVID-19. *See* People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020) (diabetes).

The Court's decision, then, comes down to whether releasing Defendant would be warranted considering the § 3553(a) factors. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

The Court finds, after consideration of the § 3553(a) factors, that releasing Defendant is unwarranted. Defendant distributed drugs directly to users and directed others to "run" drugs to

his customers. On August 29, 2014, he sold heroin that ultimately was used by and killed the victim in this case. *See* Revised Presentence Investigation Report ¶ 12, ECF No. 55.

Further, Defendant had been involved in dealing heroin for decades prior to this offense. Of his thirteen prior felony convictions, seven involve drugs, mostly heroin. *Id.* ¶¶ 38–54. He also has felony convictions for robberies and aggravated battery, yielding eighteen criminal history points and a Career Offender designation. *Id*. ¶¶ 38–58. Prior to his arrest for the instant offense, Defendant used crack cocaine on a weekly basis and alcohol and heroin daily. *Id.* ¶¶ 107–09. Notably, Defendant used heroin while in custody awaiting disposition of the instant offense. *Id*. ¶ 108. And the United States indicates that Defendant has had thirteen disciplinary actions while in BOP custody and "refused to attend training or complete an assignment on 'antisocial peers.'" Resp. 3–4.[5] The United States also indicates that "[d]espite . . . [D]efendant's present age (56), he is rated by BOP at the high risk recidivism level." *Id.* at 5. The current sentence is necessary to deter Defendant from future crimes.

Defendant has served approximately six years of his twenty-five-year sentence. Even considering good time credit, he is not scheduled to be released for another fifteen years. The Court finds that releasing Defendant from incarceration now would undermine the seriousness of the offense, the need to provide specific deterrence, the need to protect the public, the need to promote respect for the law, and the need to provide just punishment. The Court therefore denies Defendant's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

---

[5] While Defendant states he "only has one write up," Supp. Mot. Compassionate Release 3, that is based on a document that lists his disciplinary history from the past six months. *See* Individualized Needs Plan 1, Mot. Compassionate Release Ex. E, ECF No. 86 at 53–54.

5

## CONCLUSION

Accordingly, Defendant Phil Lamont Trent's pro se motion for compassionate release, ECF No. 86, and counseled Motion for Compassionate Release (Supplemental to Pro Se – Filed on or About Sept 11, 2020), ECF No. 92, are DENIED.

Entered this 8th day of January, 2021.

_s/ Sara Darrow_
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
